ROBERT WISNIEWSKI P.C.
17 State Street, Suite 820
New York, NY 10004
Tel.: (212) 267-2101
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ALICJA RANDZIO, SIMON CASTRO,
BERNABE PASCUAL PABLO, MARGARITA
ROSADO, GILBERTO REYES MARTINEZ, and
GUSTAVO AGUIRRE CISNEROS, on behalf of
themselves and on behalf of all others similarly
situated,

                       Plaintiffs,

       -against-

FRUITS-A-PLENTY, INC., MICHAEL LINCER,
RACHEL LINCER, NEW YORK FRUIT KING
INC., SHIMON BRAUN, PINCHAS BRAUN,
and "JANE DOE",

                    Defendants.

-------------------------------------------------------------X

**Docket No.:**

**JURY TRIAL REQUESTED**

## COMPLAINT

Plaintiffs Alicja Randzio ("Randzio"), Simon Castro ("Castro"), Bernabe Pascual Pablo

("Pablo"), Margarita Rosado ("Rosado"), Gilberto Reyes Martinez, ("Martinez"), and Gustavo

Aguirre Cisneros ("Aguirre"), (collectively, "Plaintiffs"), on behalf of themselves and on behalf

of all others similarly situated, by and through their attorneys, Robert Wisniewski P.C., as and

for their Complaint against Defendants Fruits-A-Plenty, Inc. ("Fruits-A-Plenty"), Michael Lincer

("Michael") and Rachel Lincer ("Rachel") (collectively, the "Fruits-A-Plenty Defendants"), New

York Fruit King, Inc. ("Fruit King"), Shimon Braun ("Shimon"), Pinchas Braun ("Pinchas"), and

"Jane Doe" ("Jane"), (collectively, the "Fruit King Defendants") (the Fruits-A-Plenty Defendants and the "Fruit King Defendants" are collectively referred to as "Defendants") state as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action on behalf of themselves and others similarly situated (**Exhibit 1**) to recover unpaid minimum wages, overtime wages, spread of hours pay, liquidated damages, interest and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), Articles 6 and 19 of the New York Labor Law and the relevant wage order promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. § 142 ("NYLL") and the common law of the New York State.

2.      Plaintiffs also bring this action on behalf of themselves and others similarly situated to recover statutory damages relating to Defendants' violations of the wage notice and wages statement provisions under NYLL § 195.1 and NYLL § 195.3.

3.      Finally, Plaintiffs Randzio, Castro, Pablo, and Rosado assert individual claims to recover damages arising from the Fruits-A-Plenty Defendants' retaliatory acts in violation of the FLSA, 29 U.S.C. § 215(a)(3) and NYLL § 215.1(a).

4.      Defendants Fruits-A-Plenty and Fruit King are current and former owners and operators of a kosher Supermarket located at 1507 Kings Highway in Brooklyn, offering fruit, vegetables, nuts, candies, salads, and deli products for in-store purchase or delivery (the "Supermarket").

5.      Plaintiffs are former cashiers and stock clerks and employees covered under the FLSA and NYLL who worked at Defendants' Supermarket for compensation.

6.     Defendants Michael and Rachel are directors, officers, shareholders, managers and/or majority owners of Defendant Fruits-A-Plenty.

7.     Defendants Shimon, Pinchas and Jane are directors, officers, shareholders, managers and/or majority owners of Defendant Fruit King.

8.     Upon information and belief, Defendant Fruit King acquired Fruits-A-Plenty's assets and business pursuant to an asset purchase agreement executed by the parties in or about January 2021.

9.     As will be alleged *infra*, Fruit King is Fruits-A-Plenty's successor in interest and is liable for Fruits-A-Plenty's obligations hereunder.

10.     Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per week but Defendants failed to compensate them at the proper minimum and overtime wage rates as required under the FLSA and the NYLL.

11.     In or about late March of 2013, Plaintiffs Randzio, Castro, Rosado, and Pablo (the "Complaining Plaintiffs") instituted a complaint against the Fruits-A-Plenty Defendants with the Division of Labor Standards of the New York State Department of Labor (the "DOL").

12.     On April 2, 2015, the DOL determined that the Fruits-A-Plenty Defendants violated the minimum and overtime wage provisions of NYLL and ordered them to pay a restitution award to each of the Plaintiffs.

13.     In egregious disregard of the DOL's order, the Fruits-A-Plenty Defendants refused to pay any restitution to the Complaining Plaintiffs. Instead, the Fruits-A-Plenty Defendants deliberately continued to compensate Plaintiffs and others similarly situated at rates that were below the minimum wage and no overtime.

14.     When the Complaining Plaintiffs complained to the Fruits-A-Plenty Defendants about their continued wage violations and demanded raises, the Fruits-A-Plenty Defendants retaliated against such Plaintiffs by among other things, refusing to pay or allow them to take vacation, cutting their work hours, and/or terminating their employment.

## PARTIES, JURISDICTION AND VENUE

15.     At all relevant times, Plaintiff Randzio was a resident of the State of New York, Kings County. Randzio is a current resident of the Republic of Poland.

16.     At all relevant times, Plaintiff Castro was and is a resident of the State of New York, Kings County.

17.     At all relevant times herein Plaintiff Pablo was and is a resident of the State of New York, Kings County.

18.     At all relevant times herein Plaintiff Rosado was and is a resident of the State of New York, Kings County.

19.     At all relevant times herein Plaintiff Martinez was and is a resident of the State of New York, Kings County.

20.     At all relevant times herein Plaintiff Cisneros was and is a resident of the State of New York, Kings County.

21.     At all relevant times, Defendant Fruits-A-Plenty was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business at 1507 Kings Highway, Brooklyn, New York 11229.

22.     At all relevant times, Defendant Michael was and is a resident of the State of New York, Kings County.

23.    At all relevant times, Defendant Rachel was and is a resident of the State of New York, Kings County.

24.    Michael and Rachel are the officers, directors, managers and/or majority shareholders or owners of Fruits-A-Plenty and as some of the ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 2**).

25.    At all relevant times, Defendant Fruit King was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business at 1507 Kings Highway, Brooklyn, New York 11229.

26.    At all relevant times, Defendant Shimon was and is a resident of the State of New York, Kings County.

27.    At all relevant times, Defendant Pinchas was and is a resident of the State of New York, Kings County.

28.    At all relevant times, Defendant Jane, Pinchas's wife, was and is a resident of the State of New York, Kings County.

29.    Michael and Rachel are the officers, directors, managers and/or majority shareholders or owners of Fruit King and as some of the ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 3**).

30.    Upon information and belief, Fruit King acquired Fruits-A-Plenty's assets and business pursuant to an alleged asset purchase agreement executed by the parties in or about January 2021. Fruit King is Fruits-A-Plenty's successor in interest and is liable for Fruits-A-Plenty's obligations hereunder.

31.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this action arises under the FLSA.  This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 in that they form part of the same case or controversy.

32.     Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of Defendants employ, handle, and sell goods that have been moved in or produced for interstate commerce (including raw ingredients, prepared food items, tools and appliances, cleaning supplies, and other items), and Defendants are thus employers subject to the jurisdiction of the FLSA.

33.     This Court has personal jurisdiction over the Fruits-A-Plenty and Fruit King because each is incorporated in the State of New York and has its principal place of business therein.

34.     This Court has personal jurisdiction over the Individual Defendants in that they are citizens of, and reside in, the State of New York.

35.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because substantial events giving rise to Plaintiffs' claims occurred in this district, and one or more Defendants resides herein.

## JURY DEMAND

36.     Plaintiffs and others similarly situated demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

37.     The Fruits-A-Plenty Defendants and Defendant Fruit King are former and current owners and operators of a kosher Supermarket located at 1507 Kings Highway in Brooklyn,

offering fruit, vegetables, nuts, candies, salads, and deli products for in-store purchase or delivery (the "Supermarket").

38.     Upon information and belief, Fruit King acquired Fruits-A-Plenty's assets and business associated with the Supermarket pursuant to an alleged asset purchase agreement executed by the parties in or about January 2021.

39.     Plaintiffs and others similarly situated worked at the Supermarket and were employees of the Defendants the during the six (6) years immediately preceding the initiation of this action and have performed labor and services for Defendants, but Plaintiffs have not received the compensation required by the FLSA, NYLL, or the common law of the State of New York, and the federal and state wage orders codified in 29 C.F.R. § 552 *et. seq*. and 12 N.Y.C.R.R. § 142.

40.     Plaintiff Randzio was employed full-time by the Fruits-A-Plenty Defendants as a cashier and a general worker from 1984 through January 2021, and continued in her duties as an employee of the Fruit King Defendants from January 2021 until April 16, 2021.

41.     Plaintiff Castro was employed full-time by the Fruits-A-Plenty Defendants as a stock clerk from mid-October 2008 to November 29, 2018.

42.     Plaintiff Rosado was employed full-time by the Fruits-A-Plenty Defendants as a cashier from mid-October 2008 to November 12, 2018.

43.     Plaintiff Pablo was employed full-time by the Fruits-A-Plenty Defendants as a stock clerk from August 5, 2007 to April 2019.

44.     Plaintiff Martinez was employed full-time by the Fruits-A-Plenty Defendants as a stock clerk from approximately mid-2007 to February 2017, and again, from March 2019

through January 2021, and continued in his duties as an employee of the Fruit King Defendants from January 2021 until mid-March of 2021.

45.    Plaintiff Cisneros was employed full-time by the Fruits-A-Plenty Defendants as a stock clerk from approximately November 2015 through January 2021, and continued in his duties as an employee of the Fruit King Defendants from January 2021 until April 30 2021.

46.    At all relevant times, Defendants required Plaintiffs and others similarly situated to punch a timecard to keep track of their hours worked.

47.    At all relevant times, the Fruits-A-Plenty Defendants compensated Plaintiffs and others similarly situated weekly, by cash or a combination of cash and check:

> (1) <u>Plaintiff Randzio</u> - was paid half (1/2) of her wages by check and (1/2) of her wages by cash;
>
> (2) <u>Plaintiff Castro</u> - was paid his wages by cash;
>
> (3) <u>Plaintiff Rosado</u> - was paid half (1/2) of her wages by check and (1/2) of her wages by cash;
>
> (4) <u>Plaintiff Pablo</u> - was paid his wages by cash;
>
> (5) <u>Plaintiff Martinez</u> - was paid his wages by cash; and
>
> (6) <u>Plaintiff Cisneros</u> - was paid his wages by cash.

48.    Upon the transfer of the Supermarket's assets and business from Fruits-A-Plenty to Fruit King in January 2021, the Fruit King Defendants compensated Plaintiff Randzio entirely by check, and Plaintiffs Martinez by cash, and Plaintiff Cisneros entirely by a combination of cash and check.

## FACTS RELATING TO DEFENDANTS' LIABILITY AND
## <u>JOINT EMPLOYER STATUS</u>

***Fruit King Is a Successor in Interest to Fruits-A-Plenty and Is Liable to Plaintiffs and Others Similarly Situated for Fruits-A-Plenty's Liabilities***

49.     Defendants Fruits-A-Plenty and Fruit King are purveyors of fresh fruit, vegetables, and other kosher edible goods.

50.     At all relevant times, Fruits-A-Plenty conducted business out of its Supermarket, located at 1507 Kings Highway, Brooklyn, New York 11229.

51.     Fruit King is owned and operated by Shimon and Pinchas Braun and Jane Doe who are prominent and well-established importers of fresh produce, kosher meat products, and other perishables from Latin America and the Caribbean Islands that they distribute to merchants in the New York City area.

52.     The Fruit King Defendants also own and at least one other supermarket from which they sell and distribute the very goods that they import.

53.     Consistent with what it appears to be a business strategy, in or about January 2021, the Fruit King Defendants entered into a transaction with Fruits-A-Plenty which was styled as a purchase of Fruit-A-Plenty's assets but is, in fact, a continuation of Fruit-A-Plenty's business.

54.     In fact, the true purpose of the transaction was for Fruit king was to take over and continue Fruit-A-Plenty's business out of the same location and cater to the same clientele.

55.     Upon information and belief, immediately after the transaction, Fruit-A-Plenty ceased its operations and while it has not yet been dissolved, Fruit-A-Plenty has not conducted business in any manner, has no revenue, and may be unable to cover its liabilities to Plaintiffs and others similarly situated

56.     Immediately after the transaction, Fruit King took over Fruit-A-Plenty's lease and operations at the Supermarket.

57.     Fruit King took over all of the assets and merchandise of Fruit-A-Plenty.

58.     Fruit King has also retained all of Fruit-A-Plenty's employees, managers and administrative staff after the transaction and continues to operate substantially the same business in the same manner as its predecessor.

59.     As a result, Fruit King is a successor in interest to and is liable for Fruit-A-Plenty's liabilities to Plaintiff.

***Defendants Michael and Rachel Are Joint Employers of the Plaintiffs and Others Similarly Situated Along with Fruits-A-Plenty***

60.     At all times relevant, Defendants Michael and Rachel have acted for and on behalf of Fruits-A-Plenty, with the power and authority vested in them as officers, agents and employees of Fruits-A-Plenty, and have acted in the course and scope of their duty and function as agents, employees, and managers and officers of Fruits-A-Plenty.

61.     At all times relevant, Michael and Rachel have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and signing or issuing checks for the Plaintiffs and others similarly situated and, by virtue of their position with Fruits-A-Plenty, have been responsible for the proper management and handling of the payroll and payroll calculations at Fruits-A-Plenty.

62.     At all times herein, Michael and Rachel were and still are owners, directors, officers, managers, employees and/or agents of Fruits-A-Plenty and have, jointly and severally, exercised operational control over Fruits-A-Plenty  by virtue of their financial control over Fruits-A-Plenty as well as over the employment and the payment of his wages of the Plaintiffs and others similarly situated.

63.     At all times relevant, upon information and belief, Michael and Rachel used Fruits-A-Plenty in order to perpetuate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

64.     Upon information and belief, in conducting the affairs of Fruits-A-Plenty, Michael and Rachel failed to comply with the corporate formalities, usurped the assets of Fruits-A-Plenty for personal use, and commingled their personal assets with the assets of Fruits-A-Plenty.

65.     At all times herein, Michael and Rachel have conducted business as Fruits-A-Plenty.

66.     Upon information and belief, Fruits-A-Plenty is the alter ego of Michael and Rachel, and as will be established at trial, for the purpose of the claims made by Plaintiffs and others similarly situated herein, Fruits-A-Plenty has no separate legal existence from Michael and Rachel, and, as a result, Fruits-A-Plenty and Michael and Rachel, individually and collectively, and jointly and severally, are liable for all claims made herein.

67.     Michael and Rachel had control over the conditions of Plaintiffs and other similarly situated workers' employment, their work schedule, the rates and methods of payment of their wages and the maintenance of their employment records.

68.     Michael and Rachel have willfully and/or intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their position as controlling owners, shareholders, directors, officers and/or managers of Fruits-A-Plenty, have assumed personal liability for the claims of the Plaintiffs and others similarly situated herein.

69.     As a matter of economic reality, Michael and Rachel, along with Fruits-A-Plenty, are joint employers of Plaintiffs and others similarly situated and, as a result, Michael and Rachel, along with Fruits-A-Plenty, individually and collectively, and jointly and severally, are liable for all claims made herein.

11

***Defendants Shimon, Pinchas, and Jane Are Joint Employers of the Plaintiffs Randzio, Martinez, and Cisneros and Others Similarly Situated Along with Fruit King***

70.     At all times relevant, Defendants Shimon, Pinchas, and Jane have acted for and on behalf of Fruit King, with the power and authority vested in them as officers, agents and employees of Fruit King, and have acted in the course and scope of their duty and function as agents, employees, and managers and officers of Fruit King.

71.     At all times relevant, Shimon, Pinchas, and Jane have directly managed, handled, or been responsible for, the payroll and/or payroll calculations and signing or issuing checks for the Plaintiffs Randzio, Martinez, and Cisneros and others similarly situated and, by virtue of their position with Fruit King, have been responsible for the proper management and handling of the payroll and payroll calculations at Fruit King.

72.     At all times herein, Shimon, Pinchas, and Jane were and still are owners, directors, officers, managers, employees and/or agents of Fruit King and have, jointly and severally, exercised operational control over Fruit King  by virtue of their financial control over Fruit King as well as over the employment and the payment of his wages of the Plaintiffs Randzio, Martinez, and Cisneros and others similarly situated.

73.     At all times relevant, upon information and belief, Shimon, Pinchas, and Jane used Fruit King in order to perpetuate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.

74.     Upon information and belief, in conducting the affairs of Fruit King, Shimon, Pinchas, and Jane failed to comply with the corporate formalities, usurped the assets of Fruit King for personal use, and commingled their personal assets with the assets of Fruit King.

75.     At all times herein, Shimon, Pinchas, and Jane have conducted business as Fruit King.

76.     Upon information and belief, Fruit King is the alter ego of Shimon, Pinchas, and Jane, and as will be established at trial, for the purpose of the claims made by Plaintiffs and others similarly situated herein, Fruit King has no separate legal existence from Michael and Rachel, and, as a result, Fruit King and Shimon, Pinchas, and Jane, individually and collectively, and jointly and severally, are liable for all claims made herein.

77.     Shimon, Pinchas, and Jane had control over the conditions of Plaintiffs Randzio, Martinez, and Cisneros and other similarly situated workers' employment, their work schedule, the rates and methods of payment of their wages and the maintenance of their employment records.

78.     Shimon, Pinchas, and Jane have willfully and/or intentionally acted to violate the laws, rules, regulations, statutes and wage orders alleged herein, and by doing so and by virtue of their position as controlling owners, shareholders, directors, officers and/or managers of Fruit King, have assumed personal liability for the claims of the Plaintiffs Randzio, Martinez, and Cisneros and others similarly situated herein.

79.     As a matter of economic reality, Shimon, Pinchas, and Jane, along with Fruit King, are joint employers of Plaintiffs Randzio, Martinez, and Cisneros and others similarly situated and, as a result, Shimon, Pinchas, and Jane, along with Fruit King, individually and collectively, and jointly and severally, are liable for all claims made herein.

**<u>FACTS RELATING TO DEFENDANTS' VIOLATIONS OF LABOR LAWS</u>**

***Facts Relating to Defendants' Violations of Minimum Wage, Spread of Hours, and Overtime Laws***

80.     The nature of the work duties of the Plaintiffs indicates that Plaintiffs and others similarly situated were not exempt from the wage and overtime requirements of the FLSA and NYLL.

81.     The FLSA and NYLL require employers to pay their employees at least the respective federal or state minimum wage for every hour worked.

82.     If the state minimum wage exceeds the federal minimum wage, the FLSA requires that employees be paid at the state-mandated rate.

83.     Plaintiffs and others similarly situated were non-exempt employees and were subject to the higher minimum wage promulgated under the NYLL as codified in the relevant wage order in 12 N.Y.C.R.R. § 142 (the "Wage Order").

84.     The Wage Order provides that during the six (6) years immediately preceding the initiation of this action, the New York City minimum wage for employees of "large businesses" with eleven (11) or more employees, such as Fruits-A-Plenty and Fruit King, was as follows:

   a.   $8.75 in 2015;

   b.   $9.00 in 2016;

   c.   $11.00 in 2017;

   d.   $13.00 in 2018; and

   e.   $15.00 from January 1, 2019 to the date of this filing.

85.     During the six (6) years immediately preceding the initiation of this action, the Fruits-A-Plenty Defendants compensated Plaintiffs as follows:

 (1) Plaintiff Randzio

   i.    From 2015 through approximately the end of 2017, Randzio was compensated at the proper minimum wage rate of $10.00 per hour for all hours worked;

   ii.   From the beginning of 2018 until December 2018, Randzio was compensated at a wage rate of $11.00 per hour for all hours worked

whilst the applicable minimum wage rate called for a payment of $13.00 per hour in 2018;

iii. From December 2018 until the beginning of January 2021, Randzio was compensated at the proper minimum wage rate of $15.00 per hour for all hours worked.

(2) <u>Plaintiff Castro</u>

i. From 2015 to March 2018, Castro was compensated at a wage rate of $10.00 per hour for all hours worked whilst the applicable minimum wage rate called for a payment of $11.00 per hour in 2017 and $13.00 per hour in 2018.

ii. From March 2018 until November 27, 2018, Castro's last day of work for the Fruits-A-Plenty Defendants, Castro was compensated at a wage rate of $11.00 per hour whilst the applicable minimum wage rate called for a payment of $13.00 per hour in 2018 and $15.00 per hour as of 2019.

(3) <u>Plaintiff Rosado</u>

i. From 2015 to August of 2018, Rosado was compensated at a wage rate of $8.00 per hour for all hours worked whilst the applicable minimum wage rate called for an hourly payment of $8.75 in 2015, $9.00 in 2016, $11.00 in 2017, and $13.00 in 2018.

ii. From August 2018 to the date of her termination on November 12, 2018 Rosado was compensated at a wage rate of $10.00 per hour for

all hours worked whilst the applicable minimum wage rate called for a payment of $15.00 per hour as of 2019.

(4) <u>Plaintiff Pablo</u>

    i.   From 2015 to March 2019, Pablo was compensated at a wage rate of $10.00 per hour for all hours worked whilst the applicable minimum wage rate called for a payment of $13.00 per hour in 2018.

    ii.   From March 2019 until the date of his separation from employment for the Fruits-A-Plenty Defendants in April 2019, Pablo was compensated at a wage rate of $13.00 per hour whilst the applicable minimum wage rate called for a payment of $15.00 per hour as of 2019.

(5) <u>Plaintiff Martinez</u>

    i.   From 2015 to February 2017, Martinez was compensated at a wage rate of $7.50 per hour for all hours worked whilst the applicable minimum wage rate called for a payment of $8.75 in 2015, $9.00 in 2016, and $11.00 in 2017;

    ii.   From March 2019 until the beginning of January 2021, Martinez was compensated at a wage rate of $12.00 per hour whilst the applicable minimum wage rate called for a payment of $15.00 per hour as of 2019.

(6) <u>Plaintiff Cisneros</u>

    i.   From 2015 to January 2017, Cisneros was compensated at a wage rate of $8.00 per hour for all hours worked whilst the applicable

minimum wage rate called for a payment of $8.75 in 2015 and $9.00 in 2016.

ii.    From January 2017 to January 2019, Cisneros was compensated at a wage rate of $9.00 per hour for all hours worked whilst the applicable minimum wage rate called for a payment of and $11.00 in 2017 and $13.00 in 2018.

iii.    From January 2019 until the beginning of January 2021, Cisneros was compensated at a wage rate of $13.00 per hour whilst the applicable minimum wage rate called for a payment of $15.00 per hour as of 2019.

86.    After acquiring the Supermarket's business and assets in January 2021, the Fruits-A-Plenty Defendants compensated Plaintiffs Randzio, Martinez, and Cisneros (the Plaintiffs who continued in their employment through the sale) in the following manner:

(1)    Plaintiff Randzio – From January 2021 until the day of her retirement on April 16, 2021, Randzio was compensated at the proper minimum wage of $15.00 per hour for all hours worked.

(2)    Plaintiff Martinez – From January 2021 until the day of his termination in approximately mid-March, 2021 Martinez was compensated at a wage rate of $12.00 per hour for all hours worked whilst the applicable minimum wage rate called for a payment of $15.00 per hour as of 2019.

(3)    Plaintiff Cisneros - From January 2021 until the day of his termination on April 30, Cisneros was compensated at wage rate of $13.00 per hour for all

hours worked whilst the applicable minimum wage rate called for a payment of $15.00 per hour as of 2019.

87. As set forth above, Defendants compensated Plaintiffs – for all or parts of their respective employment periods – at wage rates that were impermissibly lower than the minimum rates mandated by the FLSA and NYLL.

88. Furthermore, Defendants never compensated Plaintiffs and others similarly situated for the required extra hour's pay required under the NYLL and Section 142-2.4 of the relevant Wage Order when the spread of hours worked by Plaintiffs and others similarly situated reached or exceeded ten (10) in one day.

89. Further yet, Defendants never compensated Plaintiffs and others similarly at the premium overtime rate of no less than one and one-half times the regular rate of pay for the hours worked in excess of forty (40) per week as required by the FLSA and NYLL.

90. From the inception of their respective employment periods until various dates between March 2018 and March 2020, Plaintiffs and others similarly situated regularly worked for the Fruits-A-Plenty Defendants six (6) days a week, Sundays from 7 a.m. to 6 p.m., Mondays to Thursdays from 6 a.m. to 9 p.m., and Fridays from 6 a.m. to until sunset between 4 p.m. but no later than 7 p.m., depending the time of the year, for a total of eighty (80) to eighty-three (83) hours per week.

91. Despite working well in excess of forty (40) hours per week, Plaintiffs and others similarly situated were compensated at a straight rate, without any adjustment of their respective regular wage rates for the statutorily mandated overtime premium.

92.     In or about March of 2018, the Fruits-A-Plenty Defendants began to implement a staggered schedule whereby Plaintiffs each worked five (5) days a week and no more than eight (8) hours per day for a total of no more than forty (40) hours per week.

> (1) Plaintiff Castro's weekly work hours were cut to forty (40) per week in March 2018;
>
> (2) Plaintiff Rosado's weekly work hours were cut to forty (40) per week in August 2018;
>
> (3) Plaintiff Randzio's weekly work hours were cut to forty (40) per week in December 2018;
>
> (4) Plaintiff Pablo's weekly work hours were cut to forty (40) per week in December 2018;
>
> (5) Plaintiff Martinez's weekly work hours were cut to forty (40) per week in March 2020 on account of the COVID-19 pandemic; and
>
> (6) Plaintiff Cisneros's weekly work hour were cut to approximately forty-five (45) per week in March 2020 on account of the COVID-19 pandemic but reverted back to his former eighty (80) to eighty-three (83) hours per week schedule in or about January 2021 when the Fruit King Defendants took over the Supermarket's business.

***Facts Relating to Plaintiffs' DOL Complaint and Subsequent Retaliation by Fruits-A-Plenty Against Plaintiffs***

93.     Upon information and belief, the Fruits-A-Plenty Defendants cut the work hours of Plaintiffs Randzio, Castro, Rosado, and Pablo (the "Complaining Plaintiffs") in retaliation for Plaintiffs' opposition to and complaints of the Fruits-A-Plenty Defendants' violations of wage and hour laws.

94.     In or about March 2013, the Complaining Plaintiffs instituted an administrative complaint with the Division of Labor Standards of the New York State Department of Labor (the "DOL") concerning the Fruits-A-Plenty Defendants' refusal to compensate them at the proper minimum and overtime wage rates.

95.     Following an investigation, on April 2, 2015, the DOL determined that the Fruits-A-Plenty Defendants owed substantial amounts of underpayments to the Complaining Plaintiffs and ordered that Fruits-A-Plenty Defendants pay restitution.

96.     In direct contravention of the DOL's order, the Fruits-A-Plenty Defendants refused to comply with the DOL's restitution order, and more egregiously, continued to compensate the Complaining Plaintiffs and others similarly situated at a rate below the minimum wage and no premium overtime rate for hours worked in excess of forty (40) per week.

97.     On occasions too numerous to list, each of the Complaining Plaintiffs pleaded with Defendant Michael for a raise and proper overtime pay. Michael would either falsely promise that a wage increase is forthcoming, lament that business was slow and that he was already dipping into his private funds to pay employees, or declare that he did not know what the word "overtime" meant or that the word "vacation' was not "part of his dictionary."

98.     Moreover, starting in or about 2016, Michael refused to give the Complaining Plaintiffs any vacation or vacation pay to which they were entitled pursuant to their respective employment agreements.

99.     In early 2018, the frustrated Plaintiffs Randzio and Castro threatened to leave their employment at the Supermarket unless the Fruits-A-Plenty Defendants agreed to raise their pay.

100.     As a result, in or about March 2018, the Fruits-A-Plenty Defendants began to yield to Plaintiffs' demands and raise the Complaining Plaintiffs' respective hourly wage rates.

101.     The raises that the Fruits-A-Plenty Defendants awarded, however, came with two caveats: (1) the Complaining Plaintiffs' weekly work hours were cut to forty (40) per week, and (2) the Complaining Plaintiffs' new hourly wage rates still did not meet the statutorily required minimum, except for Plaintiff Randzio's new hourly wage rate of $15. In effect, the Complaining Plaintiffs' total weekly wages actually decreased.

102.     The Fruits-A-Plenty Defendants allowed their other employees who countenanced their labor law violations and did not lodge complaints with the DOL or otherwise, such as Plaintiffs Martinez and Cisneros, to continue working in excess of forty (40) hours per week.

103.     Unable to meet their financial obligations and struggling to survive, Plaintiffs continued to complain to Michael about their improperly low hourly rates to no avail. And thus:

> (1) <u>Plaintiff Rosado</u> was terminated by Michael on November 12, 2018 after the last time she demanded to be paid by check and at the requisite minimum wage.
>
> (2) <u>Plaintiff Castro</u> was forced to find a new job and left Fruits-A-Plenty's employ on November 27, 2018.
>
> (3) <u>Plaintiff Pablo</u> was forced to find a new job and left Fruits-A-Plenty's employ in November 2019.

104.     In or about August 2019, the Fruits-A-Plenty Defendants and the DOL entered a stipulation of settlement concerning the Complaining Plaintiffs' administrative complaint.

105.     In late fall of 2019, the Complaining Plaintiffs each received a settlement check from the DOL representing Fruits-A-Plenty's wage underpayments through November 5, 2014.

106.    Looking to soon retire and return to her home country, Plaintiff Randzio continued in her employment for Defendants along with Plaintiffs Martinez and Cisneros and others similarly situated who did not engage in protected FLSA and NYLL activity.

107.    Ultimately, the Fruit King Defendants terminated Martinez and Cisneros without any reason in approximately mid-March 2021, and respectively, on April 30, 2021.

108.    Plaintiff Randzio retired on April 16, 2021 and returned to Poland where she hails from.

***Facts Relating to Defendants' Violations of NYLL §§ 195.1 and 195.3***

109.    NYLL § 195.1 requires employers to provide employees at the time of hiring and at any time the pay rate changes with a notice containing, among others, the employee's rate of pay and its basis; allowances claimed as part of the minimum wage, including tip allowances, and any applicable overtime rate of pay.

110.    Further, NYLL § 195.3 requires employers to furnish their employees with accurate wage statements listing, among others, the dates of work covered by that payment of wages; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

111.    The Fruits-A Plenty Defendants never provided Plaintiffs and others similarly situated with any written notice relating to the conditions of their pay at the time of hiring or at any time their rate of pay changed.

112.    The Fruit King Defendants likewise never provided Plaintiffs Randzio, Martinez and Cisneros and others similarly situated with any written notice relating to the conditions of their pay at the time they of their purchase of the Supermarket and its business.

113.    The Fruits-A Plenty Defendants also never furnished Plaintiffs and others similarly situated with wage statements accurately reflecting their hours worked or the rate of pay.

114.    Although the Fruit King Defendants furnished proper wage statements to Randzio, they failed to furnish such statements to Martinez and Cisneros whom they continued to compensate by cash.

115.    Upon information and belief, Fruit King's violations of NYLL § 191 are continuing violations that did not cease when Plaintiffs Randzio, Martinez and Cisneros left Defendants' employ.

***Defendants' Failure to Pay Proper Wages Was Willful***

116.    Defendants as employers have certain statutory obligations towards their employees, including paying employees for all of the hours they worked, paying the overtime premium of one-and-a-half times their regular rate for each hour worked in excess of forty (40) per week, and making, keeping, and preserving proper payroll records.

117.    Defendants were aware of their requirement to pay Plaintiffs and others similarly situated for each hour worked at the requisite minimum wage, and to pay the overtime premium of one-and-a-half times their regular rate for each hour worked in excess of forty (40) per week.

118.    Nevertheless, Defendants compensated Plaintiffs and others similarly situated at a rate that was below the minimum wage rate and never compensated Plaintiffs at the premium overtime rate for the hours they worked in excess of forty (40) per week in violation of the FLSA and NYLL.

119.    Defendants further willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain proper payroll records and by paying workers in cash.

120.    As a result, the various violations of the law alleged herein were committed intentionally and willfully by Defendants.

121.    At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

122.    Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by Fruits-A Plenty and/or Fruit King as cashiers, stock clerks, and other workers with similar duties but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. in respect to their work for Fruits-A Plenty and/or Fruit King.

123.    Upon information and belief, this class of persons consists of not less than fifty (50) persons.

124.    There are questions of law and fact common to the class specifically whether the employment of the Plaintiffs by Fruits-A Plenty and/or Fruit King is subject to the jurisdiction and the wage and overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. and whether all employees suffered from Defendants' policy or plan to violate wage laws. Only the amount of individual damages sustained by each class member will vary.

125.    Plaintiffs and the other employees of Fruits-A Plenty and/or Fruit King are similarly situated insofar as Fruits-A Plenty and Fruit King each instituted a policy not to pay

Plaintiffs and their other employees for all regular and overtime hours worked and to pay below the minimum wage.

126.    Plaintiffs bring the first claim for relief herein on behalf of themselves individually and all persons similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiffs and all persons similarly situated have against Fruits-A Plenty and/or Fruit King as a result of their violations under the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq.

### CLASS ALLEGATIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(b)(2) AND 23(b)(3) FOR VIOLATIONS OF NEW YORK LABOR LAW AND WAGE ORDERS

127.    Plaintiffs bring this action on behalf of themselves and all other persons who were, are or will be employed by Fruits-A Plenty and/or Fruit King as cashiers, stock clerks, and other workers with similar duties but did not receive the compensation required by the common law of the State of New York, NYLL, and the state wage orders codified in 12 N.Y.C.R.R. § 142 in respect to their work for Defendants.

128.    Upon information and belief, this class of persons consists of not less than fifty (50) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

129.    There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiffs by the Corporate Defendant is subject to the jurisdiction and the wage and overtime requirements of the NYLL, the common law of New York and the state wage orders codified in 12 N.Y.C.R.R. § 142 and whether all employees suffered from Defendants' policy or plan to

violate wage laws. Only the amount of individual damages sustained by each class member will vary.

130.    The claims of the Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Fruits-A Plenty and/or Fruit King.

131.    The Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

132.    In addition, Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole under Fed. R. Civ. P. 23 (b)(2).

133.    Defendants' violations of the FLSA, NYLL, and regulations promulgated thereunder are continuing and will continue such that a preliminary injunction is appropriate until a hearing on the merits, after which a permanent injunction should be entered.

134.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

135.    Plaintiffs bring the second, and fifth through eighth claims for relief herein on behalf of themselves individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiffs and all persons similarly situated have against Fruits-A Plenty and/or Fruit King's violations under the NYLL, the common law of the State of New York and the wage order codified in 12 N.Y.C.R.R. § 142.

## FIRST CLAIM FOR RELIEF
### (FLSA – Minimum Wages and Overtime)
#### *All Plaintiffs and the Proposed FLSA Collective Against All Defendants*

136.    Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

137.    Plaintiffs and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the FLSA with respect to their work for Defendants.

138.    Plaintiffs and others similarly situated bring this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552, under which Plaintiffs and others similarly situated were entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty (40) per week.

139.    Pursuant to the FLSA, Plaintiffs and others similarly situated were entitled to certain minimum and overtime wages, which Defendants intentionally and willfully failed to pay in violation of such laws.

140.    Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per week for Defendants yet did not receive the proper overtime wages to which they were entitled for all hours worked.

141.    Accordingly, Plaintiffs and others similarly situated seek a judgment for unpaid minimum and overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiffs and others similarly situated, along with an award of liquidated damages, interest, attorneys' fees, and costs, as provided for by the FLSA.

### SECOND CLAIM FOR RELIEF
#### (NYLL – Minimum Wages and Overtime)
*All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants*

142.    Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

143.    Plaintiffs and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the NYLL with respect to their work for Defendants.

144.    Pursuant to the New York Labor Law Articles 6 and 19, Labor Law § 198 and the relevant Wage Order issued under New York Labor Law at 12 N.Y.C.R.R. § 142, Plaintiffs and others similarly situated were entitled to certain regular and overtime wages, all of which Defendants intentionally and willfully failed to pay in violation of such laws.

145.    Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per week for Defendants but did not receive the proper wages and overtime wages to which they were entitled for all hours worked.

146.    Wherefore Plaintiffs and others similarly situated seek a judgment against all Defendants for unpaid minimum, regular, and overtime wages which should have been paid, but were not paid, pursuant to the NYLL and the Wage Orders issued thereunder; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiffs and others similarly situated, along with an award of liquidated damages, attorneys' fees, interest and costs as provided under NYLL § 198 and § 663.

### THIRD CLAIM FOR RELIEF
#### (FLSA Retaliation)
*Plaintiffs Randzio, Castro, Rosado, and Pablo Against All Defendants*

147.    Plaintiffs repeat and reallege each and every allegation previously set forth.

148.    Plaintiffs Randzio, Castro, Rosado, and Pablo (the "Complaining Plaintiffs") are persons covered by and intended to benefit from the provisions of the FLSA.

149.    On numerous occasions during their respective employment periods for the Fruits-A-Plenty Defendants, the Complaining Plaintiffs complained to the Fruits-A-Plenty-Defendants about not being paid the requisite minimum and overtime wages in violation of the FLSA. Plaintiffs also sought redress of the Fruits-A-Plenty-Defendants' labor law violations with the DOL

150.    The Fruits-A-Plenty-Defendants ignored the Complaining Plaintiffs' complaints, and even after the Complaining Plaintiffs filed an administrative complaint with the DOL, and the DOL found the Fruits-A-Plenty-Defendants to be in violation of labor laws, such Defendants continued to refuse to pay the minimum wage and overtime for the hours worked in excess of forty (40) per week.

151.    After the Complaining Plaintiffs' latest complaint, the Fruits-A-Plenty-Defendants impermissibly disallowed vacation or vacation pay to the Complaining Plaintiffs, cut their work hours and/or terminated their employment.

152.    In committing such retaliatory acts, the Fruits-A-Plenty Defendants violated Section 215(a)(3) of the FLSA, which prohibits the discharge of any employee for complaining about a FLSA violation.

153.    Wherefore, Plaintiffs Randzio, Castro, Rosado, and Pablo seek damages, sums to be determined at trial, as well as liquidated damages, interest, and reasonable attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (NYLL Retaliation)
### *Plaintiffs Randzio, Castro, Rosado, and Pablo Against All Defendants*

154.    Plaintiffs repeat and reallege each and every allegation previously set forth.

155.    Plaintiffs Randzio, Castro, Rosado, and Pablo (the "Complaining Plaintiffs") are persons covered by and intended to benefit from the provisions of the NYLL.

156.    On numerous occasions during their respective employment periods for the Fruits-A-Plenty Defendants, the Complaining Plaintiffs complained to the Fruits-A-Plenty-Defendants about not being paid the requisite minimum and overtime wages in violation of the FLSA. Plaintiffs also sought redress of the Fruits-A-Plenty-Defendants' labor law violations with the DOL

157.    The Fruits-A-Plenty-Defendants ignored the Complaining Plaintiffs' complaints, and even after the Complaining Plaintiffs filed an administrative complaint with the DOL, and the DOL found the Fruits-A-Plenty-Defendants to be in violation of labor laws, such Defendants continued to refuse to pay the minimum wage and overtime for the hours worked in excess of forty (40) per week.

158.    After the Complaining Plaintiffs' latest complaint, the Fruits-A-Plenty-Defendants impermissibly disallowed vacation or vacation pay to the Complaining Plaintiffs, cut their work hours and/or terminated their employment.

159.    In committing such retaliatory acts, the Fruits-A-Plenty-Defendants violated Section 215 of the NYLL, which prohibits the discharge of any employee for complaining about a NYLL violation.

160.    Wherefore, Plaintiffs Randzio, Castro, Rosado, and Pablo seek damages in in the amounts to be determined at trial, as well as liquidated damages, interest, and reasonable attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
### (NYLL Spread of Hours Violation)
***All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants***

161.    Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

162.    Plaintiffs and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the NYLL with respect to their work for Defendants.

163.    Pursuant to NYLL and by reference, 12 N.Y.C.R.R. § 142-2.4, employers are obligated to pay one hour's pay at the basic minimum hourly wage rate for any day in which a non-exempt employee's spread of hours exceeds ten (10) hours or the employee works a split shift.

164.    In violation of the NYLL and the relevant Wage Order, Defendants willfully failed to pay Plaintiffs and others similarly situated additional compensation of one hour's pay at the basic minimum wage rate for each day during which Plaintiffs and others similarly situated worked more than ten (10) hours.

165.    Wherefore Plaintiffs and others similarly situated seek a judgment against all Defendants for their unpaid spread of hours wages which should have been paid, but were not paid, pursuant to the NYLL and the Wage Order issued thereunder; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiffs and others similarly situated, along with an award of liquidated damages, attorneys' fees, interest and costs as provided under NYLL § 198 and § 663.

31

**SIXTH CLAIM FOR RELIEF**
**(Wage Notice Violation)**
*All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants*

166.    Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

167.    NYLL § 195.1 mandates as of January 2011 that each employee employed by Defendants on an annual basis receive for signature a Wage Notice, which had to contain the following wage information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, or by salary, piece commission, or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

168.    Plaintiffs never received and never signed the Wage Notice from either the Fruits-A-Plenty-Defendants or the Fruit King Defendants and never received any other documents that might show the information required by NYLL § 195.1.

169.    Plaintiffs and others similarly situated seek damages as provided under NYLL § 198 and § 663.

**SEVENTH CLAIM FOR RELIEF**
**(Wage Statement Violation)**
*All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants*

170.    Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

171.    Pursuant to NYLL § 195.3 and the Wage Order §142-3.8, employers must provide an accurate wage statement with each payment of wages.  Wage statements must

include, among other information, "the dates of work covered by that payment of wages; name of employee; address and phone number of employer; rate or rates of pay and basis thereof" and, where applicable, the overtime rate of pay.

172.    In violation of the NYLL and the regulations promulgated thereunder, Defendants did not furnish Plaintiffs and others similarly situated with wage statements that showed the employee's rate or rates of pay, the number of hours worked, or record the proper pay rate for Plaintiffs' overtime hours.

173.    Plaintiffs and others similarly situated seek damages as provided under NYLL § 198 and § 663.

### EIGHTH CLAIM FOR RELIEF
**(Breach of Contract)**
***All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants***

174.    Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

175.    Plaintiffs and others similarly situated agreed to perform work and services for the Fruits-A Plenty and/or the Fruit King.

176.    Plaintiffs and others similarly situated each had an oral contract to perform work for Defendants, whereby Plaintiffs and others similarly situated would provide services as cashiers, stock clerks or other employees with similar duties in exchange for compensation.

177.    Plaintiffs and others similarly situated satisfactorily supplied labor and complied with the terms of their employment agreements with Defendants and were therefore entitled to wages they earned while working.

178.    Defendants failed or refused to pay the Plaintiff and others similarly situated the wages to which they were entitled under their respective employment agreement with the Defendants.

179.    Defendants' failure or refusal to pay the Plaintiffs wages to which he was entitled under his employment agreement with the Defendants constituted a breach of the respective employment agreements Plaintiffs and others similarly situated had with Defendants.

180.    That by virtue of the foregoing breach of contract by Defendants, Plaintiffs and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiffs and others similarly situated should have been paid as contemplated by their respective employment agreements with Defendants, less amounts actually paid to Plaintiffs and others similarly situated, together with an award of interest, costs, disbursements, and attorneys' fees.

**[<u>No More Text on This Page</u>]**

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiffs and others similarly situated demand a trial by jury and judgment against all Defendants as follows:

a.  Compensatory damages;

b.  Liquidated damages;

c.  Back pay and front pay;

d.  Pre-judgment interest;

e.  Punitive damages: and

f.  Plaintiffs' costs and reasonable attorneys' fees;

Together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 19, 2021

ROBERT WISNIEWSKI P.C.

By: /s/ Robert Wisniewski
    Robert Wisniewski, Esq.
    *Attorneys for Plaintiffs*
    17 State Street, Suite 820
    New York, NY  10004
    Tel.: (212) 267-2101